## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| REGINA SCOGIN, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-30-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations.  Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).  "Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. ▪ 423(d)(1).  In addition to meeting the requirements of

---

[1]     Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. ▪ 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the ▪Listing@).  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for a period of disability and disability insurance benefits on

September 13, 2007, alleging disability February 10, 2006, due to a back injury.[3]  (Tr.

220; ECF No. 9.)  Claimant's application was denied, and Claimant timely requested a

hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an

ALJ for a hearing on September 15, 2009, and following the hearing, the ALJ issued an

unfavorable decision on February 19, 2010.  (Tr. 25-41.)  The Appeals Council ultimately

denied Claimant's Request for Review on December 14, 2011.  (Tr. 5-7.)  This appeal

followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case,

the ALJ determined that Claimant had not engaged in substantial gainful activity since

her alleged onset date.  (Tr. 27.)  The ALJ found that Claimant had degenerative disc

disease of the lumbar and cervical spine, degenerative joint disease in the knees, and

osteoporosis, which were determined to be severe.  (*Id.*)  The ALJ then determined that

Claimant's severe impairments did not meet or medically equal, either individually or

any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to

perform sedentary work with the following limitations: she can sit and stand for one hour

---

3       In her brief, Claimant states that she alleged disability due to degenerative disc disease in
her cervical and lumbar spines, a herniated disc in her lumbar spine, with radiculopathy in her
left upper and lower extremity, and bilateral degenerative joint disease in her knees.  (Cl.'s Br.
4.)  However, a review of her original application shows that she claimed only back pain as the
source of her inability to work.  (Tr. 220.)

with an opportunity to alternate positions; she can occasionally stoop; and she can understand, remember, and carry out simple instructions.  (Tr. 33.)  Based on her RFC and the medical evidence, the ALJ then determined that Claimant would be unable to perform her past relevant work.  (Tr. 39.)   The ALJ determined that at the time of her date last insured that Claimant was 37 years old, which is considered to be a younger individual.  (*Id.* at 40.)  The ALJ further found that Claimant had a high school education and could communicate in English.  (*Id.*)  After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform.

## ISSUES

I.      **Whether the ALJ erred in assessing the credibility of the Claimant.**

II.     **Whether the ALJ erred in determining Claimant's residual functional capacity (RFC).**

## DISCUSSION

I.      **Did the ALJ err in assessing the credibility of the Claimant?**

Claimant's first issue alleges that the ALJ erred in determining that her subjective allegations of pain were not credible.  (Cl.'s Br. 4; ECF No. 8.)  Specifically, Claimant contends that the ALJ failed to follow the directives of 20 C.F.R. § 404.1529(c)(3) in assessing her credibility.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must first show "evidence of an underlying

medical condition and (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995) (internal quote and citation omitted).  Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

6

The record reveals that the ALJ specifically determined that Claimant's medically determinable impairments "could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent that they were inconsistent with the residual functional capacity assessment." (Tr. 35.)  In her Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. (Tr. 33-35).  The ALJ then referenced the pain standard. *Id.*  The ALJ acknowledged the requirements and procedures she must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p and 06-3p.  *Id.*   The ALJ's findings show that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that her allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged.  *Id.*

As to Claimant's contention that the ALJ "improperly rejected [Claimant's] symptoms without first considering the specific seven credibility factors [of 20 C.F.R. § 404.1529], and [] required objective evidence of the severity of her symptoms,"[4] (Cl.'s

---

4      The Regulations, at 20 C.F.R. § 404.1529(c)(3), state, in relevant part that the:
       Factors relevant to your symptoms, such as pain, which we will consider include:
       (i) Your daily activities;
       (ii) The location, duration, frequency, and intensity of your pain or other symptoms;

Br. 15.) her claim lacks merit.  The Eleventh Circuit has held that the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted).  Although "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole.  *Id.* (quotations and citations omitted).  While the ALJ did not specifically state that he considered the factors found in § 404.1529(c)(3) in assessing Claimant's credibility,  the record reveals that the ALJ did consider Claimant's medical condition as a whole in making her credibility assessment.

It is also important to note, as the ALJ did, that Claimant gave conflicting statements about when her back impairment actually began.  At the administrative hearing, Claimant testified that she injured her back in 2005. (Tr. 60.)  Treatment notes from Dr. Morris also show  that Claimant injured herself in 2005. (Tr. 375.)  However, in her disability report, Claimant stated that she first injured herself in February 2006. (Tr.

-------

(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

220.)  These statements conflict with Claimant's September 2005 treatment notes from Dr. Turner and her reports to the Athens Spine Center in April 2006 that her back pain began in early 2005 and that there was no precipitating event.  (Tr. 292, 419.)  That statement also differs from the one she gave Dr. Barnes in November 2005, in which she told him that she had experienced back pain "off and on for about six years." (Tr. 372.)

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that she failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain.  It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Here, the ALJ applied the proper pain standard and supported her credibility assessment with substantial evidence in the record.

## II.     Did the ALJ err in determining Claimant's residual functional capacity?

Claimant also contends that the ALJ erred in failing to explain how her limited ability to stand for less than one hour at a time as well as her need to lie down throughout the day were reflected in the RFC assessment.  (Cl.'s Br. 18.)  Claimant further argues that there is a conflict between the weight the ALJ gave to the Functional Capacity Evaluation ("FCE") and the weight accorded to her treating neurologist Dr. Barnes, who agreed with the limitations as found in the FCE.  (*Id.* at 19.)  The Claimant contends that

9

the ALJ failed to evaluate the side effects of her medications in assessing her RFC. (*Id.*) Therefore, the Claimant contends the ALJ "failed to devise and RFC that included all of [her] functional limitations." (Cl.'s Reply Br. 5; ECF No. 12.)

> Social Security Ruling 96-8p, in relevant part, states that:
>
> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, she is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to former work or performing other work which she would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling 96-8p. In making her assessment in this case, the ALJ considered all of Claimant's symptoms, including her allegations of pain, and the extent to which these symptoms could reasonably be considered consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 404.1529, and Social Security Rulings 96-4p and 96-7p. (Tr. 33-35.) The ALJ also considered the medical opinions, which are statements from acceptable medical sources that reflect judgments about the nature and severity of the impairments and resulting limitations. 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-3p. (*Id.*)

10

Ultimately, the ALJ determined that Claimant had the residual functional capacity to perform sedentary work, with the limitations that she can sit and stand for one hour with an opportunity to alternate positions, she can occasionally stoop, and she can understand, remember, and carry out simple instructions. (*Id.*) The record reveals, however, that the ALJ gave "controlling weight to Claimant's treating physician, Dr. Barnes' opinion agreeing with the restrictions set forth in the Functional Capacity Evaluation." (Tr. 37.) In the FCE, which was completed on December 20, 2006, Claimant was clearly limited to standing for no longer than 35 minutes at a time.[5] (Cl.'s Exh. 1, p. 4; ECF No 10-1.) Claimant is therefore correct in asserting that there is a conflict between the weight the ALJ gave to the FCE and the weight accorded to her treating neurologist Dr. Barnes, who agreed with the limitations as found in the FCE. As such, the ALJ's RFC assessment which included a limitation of Claimant to standing for one hour at a time is not based on substantial evidence, and this case should be remanded for the ALJ to resolve that conflict.

## CONCLUSION

Having found that the Commissioner erred as to the RFC issue analyzed above, the Court finds no need to address the remaining claims within that issue. However, on remand, the ALJ is directed to address the remaining claims regarding the RFC determination as raised by Claimant. Any claims relating to the ALJ's credibility assessment may not be addressed on remand because the ALJ's determination was based

---

[5]    The record contains a partial copy of the FCE (Tr. 712-25). Claimant thus attached a complete copy of the FCE to her brief in this matter for reference purposes.

on substantial evidence.

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be remanded under sentence four. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 8th day of February, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE