IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| REGINA SCOGIN, | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-30-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Claimant's Motion for Attorney's Fees under the Equal Access to Justice Act and Social Security Act. (ECF No. 18.) Counsel filed his motion for fees on June 24, 2013, requesting $10,409.79 for 56.35 attorney work hours at varying rates per hour. (Br. in Supp. of Mot. for Att'y's Fees 4, ECF No. 18-1.) The Commissioner filed a Response wherein he objects to the number of attorney hours requested and the total amount of fees requested. (Comm'r's Resp. 2, ECF No. 19.) For the reasons discussed herein, the Court recommends that Claimant be awarded fees in the amount of $8,664.88 and that these fees be paid directly to the Claimant.

## DISCUSSION

Claimant requests attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but allows civil litigants to recover attorney's fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan*

*v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA).  Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified.  *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

In this case, Claimant is the ultimate "prevailing party," and the Claimant has incurred fees, but the Court finds that the Commissioner's position was substantially justified as to Issue One.  (Comm'r's Resp. 2.)  The United States Supreme Court has held that the government's position is substantially justified when there is a reasonable basis for it both in law and in fact.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Specifically, the Court found that "a position can be justified even though it is not correct, and it can be substantially (i.e., for the most part) justified if a reasonable person

could think it correct, that is if it has a reasonable basis in law and fact." *Id.* at 552 n.2. The Eleventh Circuit has further held that "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified. Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

Here, the Claimant argued that the Commissioner's decision was in error where the ALJ (1) improperly assessed her credibility and (2) improperly determined her residual functioning capacity (RFC). (Cl.'s Br. 1, ECF No. 10.) As to the first issue, the Court upheld the ALJ's credibility determination and therefore the Court finds that the Commissioner's position was substantially justified as to Issue One. (Report and Recommendation 9, ECF No. 13; Order, ECF No. 16.) However, as to the second issue, the Court finds that the Commissioner's position was not substantially justified based on the conflict in the ALJ's RFC assessment. (*See* Report & Recommendation 11, ECF No. 13.) Consequently, the Court recommends the award of fees pursuant to the EAJA, subject to an adjustment for the Commissioner's substantially justified position on Issue One.

The Commissioner objects to Claimant's purported number of attorney hours claiming that the number of hours is unreasonable. The Commissioner particularizes her objection as to the more than thirty-seven hours sought by Claimant for preparation of the initial brief in this case. (Comm'r's Resp. 3.) The affidavits of Claimant's counsel show

each of the attorneys to be competent attorneys with significant experience in representing clientele in Social Security cases. The Commissioner contends that the issues raised in the case were not novel or complex, and the facts were of average length for a Social Security matter. (Comm'r's Resp. 4.) Claimant, alternatively, argues that the hours were necessary due to the weakness of the facts, and that the brief ultimately led to a favorable result. (Pl.'s Reply in Supp. of Mot. for Att'y's Fees 3, ECF No. 20.) The Court finds, however, that nearly forty hours of billable work time is excessive in this case, considering the length and complexity of the facts, and the Commissioner's substantially justified position as to Issue One. Therefore, the Commissioner's objection as to this specific issue is sustained and the Court will deduct twelve hours expended by attorney Sarnoff (12 hrs. at $184.37/hr.[1]) from the "total court hours" claimed on the time sheet.

Furthermore, the Court recommends that Claimant's request for compensation for time spent preparing her reply to this motion should be approved, and 2.5 hours added to the total at $187.01/hr.

The Court thus recommends that Claimant be awarded fees for 46.85 (deduction of 12 hours at 184.37/hr for time spent on Claimant's initial brief and credit of 2.5 hours at $187.01/hr for time spent preparing the reply brief regarding this motion) hours of her attorneys' work.

---

[1] The Court calculates the hourly rate by averaging the hourly rates stated for May and June 2012, the two months in which time was billed for drafting the brief at issue.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be GRANTED and that payment be forwarded to Claimant in the amount of $8,664.88.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

SO RECOMMENDED, this the 17th day of September, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE